09-0580-cv
Global Aerospace, Inc., et al. v. Hartford Fire Ins. Co., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November, two thousand nine.

PRESENT: DENNIS JACOBS,
          <u>Chief Judge</u>,
      PIERRE N. LEVAL,
          <u>Circuit Judge</u>,
      GEORGE B. DANIELS,[*]
          <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

GLOBAL AEROSPACE, INC., formerly known as Associated Aviation Underwriters, Inc., and FEDERAL INSURANCE COMPANY,

     <u>Plaintiffs-Appellants</u>,

     -v.-                   09-0580-cv

HARTFORD FIRE INSURANCE COMPANY, and HARTFORD ACCIDENT AND INDEMNITY COMPANY,

     <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable George B. Daniels, United States District Court for the Southern District of New York, sitting by designation.

**APPEARING FOR APPELLANTS:**    KATHERINE B. POSNER, Condon & Forsyth LLP, New York, N.Y.

**APPEARING FOR APPELLEES:**    DANIELLE SPINELLI and CATHERINE M.A. CARROLL, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C.

MICHAEL A. TROISI and MICHAEL P. VERISCHELLI, Rivkin Radler LLP, Uniondale, N.Y.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Global Aerospace Inc. and Federal Insurance Company (collectively, "Global") appeal from the judgment of the United States District Court for the Southern District of New York (Kaplan, J.), granting summary judgment in favor of Hartford Fire Insurance Company and Hartford Accident and Indemnity Company (collectively, "Hartford") primarily on the ground that any contractual undertaking that transpired between Hartford (as primary insurer) and Global (as excess insurer) was expressly subject to a general exception. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Global contends that the district court sua sponte granted summary judgment with respect to the breach of contract claim on a ground that Hartford never asserted and that the parties never briefed. Accordingly, Global argues, its opposition to the summary judgment motion did not include relevant extrinsic evidence bearing upon the issue that the district court found decisive. However, Hartford's brief moving for summary judgment below expressly raised this ground, Global's opposition brief below expressly argued against it, and Hartford's 56.1 Statement recited the necessary factual background. The district court thus did not act sua sponte.

2

Assuming arguendo that the district court did act sua sponte, Global suffered no procedural prejudice. See Bridgeway Corp. v. Citibank, 201 F.3d 134, 139 (2d Cir. 2000) ("If the district court fails to give notice before sua sponte granting summary judgment and the moving party was, as a result, procedurally prejudiced, we must reverse. A party is procedurally prejudiced if it is surprised by the district court's action and that surprise results in the party's failure to present evidence in support of its position."). Until Global filed its appellate reply brief, Global failed to identify a single piece of evidence outside the record below that it would have introduced had it been given notice; moreover, the record below already included evidence upon which Global could rely for the proposition allegedly supported by this late-identified evidence. Cf. Bridgeway Corp., 201 F.3d at 140-41 (finding no procedural prejudice in part because "at no point since the district court's decision [did the appellant] identif[y] *any* piece of evidence . . . that it would have introduced had it been given notice"). Accordingly, Global's argument that the district court improperly acted sua sponte lacks merit.

We review a district court's grant of summary judgment de novo. Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Applying applicable standards to Global's contentions on appeal, we conclude that the general exception to the payment schedule supports the grant of summary judgment with respect to the breach of contract, promissory estoppel, and negligent misrepresentation claims. The March 31, 1989 letter sent from Hartford's counsel to Global's counsel set forth a payment schedule "[a]ssuming no further compensation payments" to Captain Bond. As the district court determined, the letter thereby "expressly contemplated the possibility of further payments to Bond." Global Aerospace, Inc. v. Hartford Fire Ins. Co., No. 06 Civ. 7104(LAK), 2009 WL 89122, at *6 (S.D.N.Y. Jan. 13, 2009). Indeed, "[w]hile

[cost-of-living adjustments] were not specifically addressed in the letter, they certainly were not precluded by the broad 'further compensation' language." Id. at *6 n.36. Accordingly, we affirm the district court's grant of summary judgment on the breach of contract, promissory estoppel, and negligent misrepresentation claims.

Assuming arguendo that Hartford owed a duty of good faith to Global, we further conclude that Hartford did not breach that duty. Under New York law, "[t]o establish a prima facie case of bad faith, an excess insurer must show that the primary insurer's conduct constituted a 'gross disregard' of the excess insurer's interest." Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 151 (2d Cir. 2008). The primary insurer's conduct "must involve a deliberate or reckless failure to place on equal footing the interests of the excess insurer with its own interests . . . ." Id. (internal quotation marks, citation, and brackets omitted).

Hartford's failure to notify Global of Hartford's decision to pay the cost-of-living adjustments does not create a genuine issue of material fact because (i) Global acknowledges that it "did not place any demands on Hartford to make periodic reports to Global or to notify Global of any communications with Bond as they occurred," and (ii) neither Hartford nor Global identifies any independent basis obliging Hartford to provide such notice. Assuming arguendo that Hartford erred in determining that the Social Security Administration's classification of Bond's disability as permanent and total entitled Bond to cost-of-living adjustments, such error would not amount to gross disregard. See Pavia v. State Farm Mut. Auto. Ins. Co., 82 N.Y.2d 445, 453, 456, 626 N.E.2d 24 (1993) (a primary insurer's "ordinary negligence" or "mistaken judgment" does not establish gross disregard). The remaining evidence upon which Global relies in attempting to defeat summary judgment is irrelevant to Hartford's consideration of Global's interests concerning the cost-of-living adjustments.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

4